IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA PRESLEY SECCO,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　　　　) 　Civil Action No. 15-561
　　　　　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN,　　　　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　 )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　　　)

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8, 10 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 9).

I.　　**BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits (DIB") pursuant to the Social Security Act ("Act"). Therein, Plaintiff asserted she had been disabled since January 1, 2011. (ECF No. 5-5, p. 4). Administrative Law Judge ("ALJ"), Karl Alexander, held a hearing on June 26, 2013. (ECF No. 5-3, pp. 31-56). On November 15, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 14-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC")[1]

Plaintiff first argues that the ALJ erred in failing to address the impact of Plaintiff's frequent diarrhea in determining her RFC. (ECF No. 8, pp. 3-4). To that end, Plaintiff suggests that the ALJ "found" she would require the use of the restroom no more than six times a day. *Id.* Contrary to Plaintiff's assertions, the ALJ did not make such a finding. (ECF No. 5-2, pp. 19-21). Rather, in explaining his RFC determination, the ALJ discussed Plaintiff's allegations regarding her frequent need to use the restroom. (ECF No. 5-2, pp. 20-21). For example, the ALJ detailed that "[d]uring flare-ups, she asserted five (5) to 10 bathroom visits. In addition, she alleged five (5) to 10 bathroom visits because of urgency." *Id.* at p. 20. Additionally, the ALJ stated that the "records essentially reflected claimant's reports of, on average, no more than six (6) bowel movements per day." *Id.* at 21. These are merely statements from Plaintiff, as set forth in evidence, reiterated by the ALJ. They are not findings by the ALJ.

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a).

What the ALJ did find was that Plaintiff was not entirely credible.[2] *Id.* at p. 20. And as such, he did not fully accept claimant's subjective statements concerning her symptoms and limitations. *Id.* at p. 20. Thus, the ALJ very clearly and appropriately considered Plaintiff's assertions regarding the need to make frequent trips to the restroom and found those statements not credible. Therefore, he was not required to make any accommodations for the same in the RFC. Consequently, I find no error in this regard.

### C. <u>Opinions of Treating Physician</u>

Plaintiff next argues that the ALJ erred in failing to provide good/specific/supported reasons for discounting the opinions of her treating physician, Dr. Maria Tranto. (ECF No. 8, pp. 5-13). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a

---

[2] Plaintiff does not dispute this credibility finding. *See,* ECF Nos. 8 and 13.

prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Dr. Tranto opined that Plaintiff was limited to standing/walking one hour a workday, sitting for two hours a workday and lifting no more than five pounds. (ECF No. 5-15, p. 48). The ALJ assigned little weight to this opinion. (ECF No. 5-2, p. 22). In discounting the opinion of Dr. Tranto, the ALJ stated:

> Dr. Tranto's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if claimant were in fact truly as restricted as advised. ….Moreover, Dr. Tranto apparently relied quite heavily on the subjective report of symptoms and limitations provided by claimant…."

(ECF No. 5-2, p. 22). Plaintiff suggests that the first reason ALJ rejected Dr. Tranto's opinion was "completely unclear" as to what clinical or laboratory abnormalities the ALJ was expecting since the record has four colonoscopies and pathology reports confirming that she suffers from Crohn's disease. (ECF No. 8, pp. 11-12). Tests confirming a disease or a diagnosis, however, do not equate to evidence supporting functional limitations. Further, while the ALJ may have unartfully phrased his rationale, the clear inference is that he meant there is no objective clinical or laboratory evidence of record supporting Dr. Tranto's opinion limiting Plaintiff to standing/walking one hour a workday, sitting for two hours a workday and lifting no more than five pounds. Additionally, the ALJ found that Dr. Tranto's own treatment records were inconsistent with said limitations. (ECF No. 5-2, p. 22). These are appropriate, valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927

5

(Evaluating Opinion Evidence). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

The ALJ also rejected this opinion of Dr. Tranto because it appeared to be predicated upon Plaintiff's subjective complaints, which were not deemed to be fully credible by the ALJ. (ECF No. 5-2, pp. 19-22). I note that "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). Moreover, as I stated early, Plaintiff does not attack the ALJ's credibility finding. Thus, I find this reason set forth by the ALJ to be appropriate. Consequently, I find remand is not warranted on this basis.[3]

An appropriate order shall follow.

---

[3] Plaintiff makes two fleeting references that by rejecting Dr. Tranto, the ALJ's opinion was based on "raw medical data." (ECF No. 8, pp. 11-13). After a review of the record, I disagree. The ALJ relied upon the opinion of the state agency medical consultant. (ECF No. 5-2, p. 23). Consequently, I find no merit to this argument.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA PRESLEY SECCO,     )
               )
  Plaintiff,         )
               )
 -vs-            )    Civil Action No. 15-561
               )
CAROLYN W. COLVIN,       )
COMMISSIONER OF SOCIAL SECURITY, )
               )
  Defendant.        )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 28th day of March, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

            BY THE COURT:

           s/ Donetta W. Ambrose
            Donetta W. Ambrose
            United States Senior District Judge